UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

GARY LA BARBERA, THOMAS GESUALDI,
LOUIS BISIGNANO, ANTHONY PIROZZI,
DOMINICK MARROCCO, FRANK FINKEL,
JOSEPH FERRARA, MARC HERBST, THOMAS
PIALI and DENISE RICHARDSON, as Trustees
and Fiduciaries of the Local 282 Pension Trust
Fund,

        Plaintiffs,                            **REPORT AND RECOMMENDATION**

   -against-                                08-cv-3983 (DLI) (ALC)

**MARIAN DOUGLAS SMITH,**

        Defendant.

------------------------------------------------------------------X

**CARTER, UNITED STATES MAGISTRATE JUDGE:**

BACKGROUND

In this action to recover unpaid ERISA contributions, Judge Irizarry granted summary judgment in favor of Plaintiffs, the trustees and fiduciaries of the Local 282 Pension Trust Fund, in the amount of $340,485.00. Judge Irizarry also awarded Plaintiffs the interest on the unpaid contributions, liquidated (or additional) damages and reasonable attorneys' fees and costs,

1

pursuant to 29 U.S.C. § 1132(g)(2).[1] Plaintiffs were directed to provide the court with their calculations for these amounts as well as an affidavit in support of attorneys' fees. By Order dated April 19, 2011, Judge Irizarry referred Plaintiffs' application to me for a Report and Recommendation.

Plaintiffs request interest on the unpaid contributions in the amount of $140,918.81, additional damages in the amount of $140,918.81, attorneys' fees in the amount of $100,733.80 and costs in the amount of $2,493.05. The Defendant, Marian Douglas Smith ("Smith"), does not dispute the requests for interest, additional damages or costs but contends that Plaintiffs' request for attorney's fees is unreasonable and should be reduced.

For the reasons discussed below, I respectfully recommend that Plaintiffs be awarded $97,151.80 in attorneys' fees, $140,918.81 in interest (plus daily interest), $140,918.81 in additional damages (plus daily interest) and $2,493.05 in costs.

DISCUSSION

I.  *Interest*

In its March 2, 2011 Order granting, in part, Plaintiffs' motion for summary judgment and directing them to submit calculations for interest and fees, the Court noted that interest accrues from the due date of the first missed payment, and where, as here, the complaint serves as the notice of default, the interest is calculated from the date the defendant was served. See 29 U.S.C. § 1399(c)(5); Trs. of the Local 531 Pension Plan v. Corner Distribs., Inc., No. 07 CV 529 (ARR) (MDG), 2008 WL 2687085, at *4 (E.D.N.Y. July 8, 2008). Accordingly, since Smith

---
[1] The Court presumes familiarity with the facts as set forth in my Report and Recommendation and in Judge Irizarry's March 2, 2011 Order. (Docket Nos. 20 & 27, respectively)

was served with the complaint on September 29, 2008 and was therefore obligated to make his first payment by November 28, 2008, this latter date must be used when calculating interest.

Plaintiffs submitted an affidavit from Joshua Kaplan ("Kaplan"), the actuarial consultant to the Local 282 Pension Trust Fund (the "Fund"). (Docket No. 28-4) Kaplan calculated the interest at a rate of 1.5% per month for the period of time from November 28, 2008 through March 16, 2011, which amounts to twenty-seven (27) months and eighteen (18) days. Thus, on the amount of $340,485.00 the interest was calculated to be $140,918.81. Plaintiffs also seek daily interest, which Kaplan determined to be $167.91.[2] (Docket No. 28-4) I therefore recommend that Plaintiffs be awarded $140,918.81 in interest for November 28, 2008 through March 16, 2011 and $167.91 per day thereafter.

II.     *Additional Damages*

Title 29 U.S.C. § 1132(g)(2)(C) entitles Plaintiffs to additional damages of an amount equal to the greater of (1) the amount of interest on the unpaid contributions or (2) an amount not in excess of 20 percent of the unpaid contributions. Here, the Trust Agreement provides for additional damages equal to the greater of the amount of interest charged on the unpaid contributions or 20 percent of the unpaid contributions awarded. (Docket No. 13-8; Art. XI, §5(e) of the Trust Agreement) Since $140,918.81 (the amount of interest on the unpaid contributions) is greater than $68,097.00 (20 percent of the unpaid contributions), I recommend that Plaintiffs be awarded $140,918.81 in additional damages for the period of time from November 28, 2008 through March 16, 2011 and $167.91 per day thereafter.

---

[2] Kaplan calculated that a 1.5% monthly interest rate (which is equivalent to 18% annually) over 365 days yields a daily interest rate of 0.049315%.

III.     *Attorneys' Fees and Costs*

Plaintiffs seek an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2). See also Finkel v. Universal Sec. Sys, Inc., No. 10 CV 4520 (NGG) (LB), 2011 WL 5402070, at *9 (E.D.N.Y. Sept. 9, 2011) ("An award of attorney's fees under Section 502 of ERISA is mandatory."). They also claim costs totaling $2,493.05. The costs are not in dispute, and, based on a review of the time sheets, I find them to be reasonable. Plaintiffs' counsel claims to have spent 295.30 hours working on the case, for which they seek a total of $100,773.80 in fees.[3] (Docket No. 28-2)

To calculate attorneys' fees, courts in the Second Circuit determine the "presumptively reasonable fee," which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended to litigate the matter. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 188–90 (2d Cir. 2008); Gesualdi v. MBM Indus., Inc., No. 10 CV 2607 (BMC), 2010 U.S. Dist. LEXIS 96319, at *5 (E.D.N.Y. Sept. 15, 2010) (citing Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009)).

"A reasonable hourly rate is 'the rate a paying client would be willing pay,' 'bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'" LaBarbera v. ASTC Labs. Inc., 752 F. Supp. 2d 263, 277 (E.D.N.Y. 2010) (quoting Arbor Hill, 522 F.3d at 190). In determining whether a fee is reasonable, courts should consider, among other things, the time and labor required, the complexity of the case, awards in

---

[3] Plaintiffs' application for attorneys' fees is only for work done in this matter, not for work done in the related case LaBarbera v. United Crane, No. 08-cv-3274 (DLI) (ALC).

similar cases and the experience and reputation of the attorneys. See Arbor Hill, 522 F.3d at 184. Additionally, courts "should rely on reasonable hourly rates approved by other courts in the District and its own familiarity with the prevailing rates in its District." Finkel, 2011 WL 5402070, at *9 (citation omitted).

A district court has broad discretion in determining whether time was reasonably expended. See MBM Indus., Inc., 2010 U.S. Dist. LEXIS 96319, at *5 (citation omitted). "If the court determines that certain claimed hours are excessive, redundant, or otherwise unnecessary, the court should exclude those hours in its calculation[.]" Id. (quoting Gierlinger v. Gleason, 160 F.3d 858, 876 (2d Cir. 1998)). In calculating the number of reasonable hours, "the court looks to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." Whitney v. Jetblue Airways Corp., No. 07 CV 1397 (CBA), 2009 WL 4929274, at *8 (E.D.N.Y. Dec. 21, 2009) (citations and alterations omitted). "A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed, and contemporaneous time records." ASTC Labs., Inc., 752 F. Supp. 2d at 277 (citing New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147–48 (2d Cir. 1983)).

1. <u>Reasonable Hourly Rate</u>

Plaintiffs seek to recover $100,773.80 in attorneys' fees based on 295.30 hours of work relating to defendant Smith. (Docket No. 28-2)[4] In support of this request, Plaintiffs' counsel submits billing summaries and contemporaneous time records related to this litigation for the

---

[4] This amount includes a negotiated 10% discount for work performed from February 1, 2009 through January 31, 2010 by Bauman, Bishop, and McGee. (Docket No. 28-2)

period beginning July 16, 2008 through March 3, 2011. (Docket No. 28-2, Ex. B). For partners Michael Bauman ("Bauman") and Nathan V. Bishop ("Bishop"), the rate was set at $390.00 per hour. The rates for associates Anusha Rasalingam and Erin V. McGee were set at $280.00 per hour.

Courts in this district have previously found that Bauman's and Bishop's hourly rates of $390.00 each and an associate hourly rate of $280.00 were reasonable. See, e.g., ASTC Labs., Inc., 752 F. Supp. 2d at 278 (Judge Irizarry adopting a finding by Magistrate Judge Go that Bauman's rate of $390.00 and associate's rate of $280.00 in an ERISA default case were reasonable); MBM Industries, Inc., 2010 U.S. Dist. LEXIS 96319, at *6 (Judge Cogan finding that Bishop's rate of $390.00 and an associate's rate of $280.00 in an ERISA default case were reasonable); see also e.g., Gesualdi v. Laws Constr. Corp., 759 F. Supp. 2d 432, 446 (S.D.N.Y. Dec. 22, 2011) (Judge Cote finding that an hourly rate of $390 for partners of Plaintiffs' counsel's firm was reasonable, reasoning, at least in part, that the "actual billing arrangement used certainly provides a strong indication of what private parties believe is the 'reasonable' fee to be awarded") (quoting Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc., 246 F.3d 142, 151 (2d Cir. 2001)). Moreover, this case was more complex than a standard ERISA default case. Therefore, considering that other courts in this District approved the same rates for the same attorneys in similar, yet simpler, cases, I find the rates at issue here to be reasonable.[5]

2.      Reasonable Number of Hours Expended

---

[5] While Defendant cites to a case in which Magistrate Judge Levy reduced Bauman's hourly rate from $390 to $350 and found that Bishop's hourly rate of $280 was reasonable, see Gesualdi v. Andrews Trucking Corp., No. 09 CV 565 (SLT) (RML), 2010 WL 2301028, at *5 (E.D.N.Y. Mar. 22, 2010), Defendant fails to persuade me, especially in light of the other cases from this District cited above, that the result in Andrews Trucking should obtain here.

Having reviewed Plaintiffs' time sheets and Defendant's objections thereto, I find that the 2.5 hours Bauman spent on "preparation of document production" is excessive, considering his status as partner. Accordingly, I recommend that Bauman be billed at the associate rate of $280 per hour for this time. I also find that the 19 hours Bauman spent drafting Plaintiffs' reply brief in support of summary judgment (which does not include time spent researching) is somewhat high, given that the reply brief contained no new arguments from those in Plaintiffs' initial memorandum in support of their summary judgment motion. Compare Docket No. 13-3, with Docket No. 13-23. Accordingly, I further recommend that the time spent drafting the reply brief be reduced by 50%, or 9.5 hours.[6]

Aside from these two particular tasks, I find that the number of hours that Plaintiffs' counsel expended on this case is reasonable. Despite Defendant's arguments to the contrary, I find no reason to second-guess the time spent by Plaintiffs' counsel on drafting discovery demands, preparing for the deposition of defendant Smith, preparing the 56.1 Statement, drafting the opposition brief, or drafting objections to the Report and Recommendation. Plaintiffs' time sheets were sufficiently detailed; this case was aggressively pursued by defendant Smith (unlike in a standard ERISA default case); the issues were not simple and involved the interplay between various bodies of federal law; and Plaintiffs were ultimately successful in winning summary judgment against defendant Smith. In light of these factors, I do not find any further reductions to be warranted. Compare MBM Indus. Inc., 2010 WL 2607, at *7 (finding 30 hours to be excessive for an ERISA default judgment, in which the most complicated issue was calculation

---

[6] According to my calculations, the amount billed for the preparation of document production is reduced from $877.50 to $630.00, and the amount billed for drafting the reply brief is reduced from $6,669.00 to $3,334.50 (both of which take into account the negotiated 10% fee reduction).

of damages); ASTC Labs., 752 F. Supp. 2d at 278 (finding roughly 35.45 hours researching and discussing alter ego liability to be high where attorneys claimed to have ERISA experience and some of the research pertained to a dismissed defendant); Concrete Floatation Sys., Inc. v. Tadco Constr. Corp., No. 07 CV 319 (ARR) (VVP), 2010 WL 2539771 (E.D.N.Y. Mar. 15, 2010) (holding that, inter alia, the 700 hours spent on a straightforward breach of contract case was excessive).

## CONCLUSION

For the reasons discussed above, I respectfully recommend that Plaintiffs be awarded $97,151.80 in attorneys' fees, $140,918.81 in interest (plus daily interest), $140,918.81 in additional damages (plus daily interest), and $2,493.05 in costs.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 6 and 72 of the Fed. R. Civ. P., the parties shall have fourteen (14) days from this date to file written objections to the Report and Recommendation. Such objections shall be filed on ECF and directed to the assigned District Judge. Failure to file timely objections will preclude appellate review of any order of judgment that will be entered.

**SO ORDERED**
**Dated: December 6, 2011**
**Brooklyn, New York**

/s/ ALC
_____
**ANDREW L. CARTER, JR.**
**UNITED STATES MAGISTRATE JUDGE**